FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2018 JUN 28 PM 1:40

Marc Beaumont
     Plaintiff,

.... D!STRICT OF FLORIDA
ORLANDO, FLORIDA

Case No. 6:18-CV-712-PGB-GJK

v.

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.;
THE BANK OF NEW YORK MELLON;
JONATHON MEISLES; MELISSA KONICK;
KRISTIN GOTTFRIED; MARKHOLMBERG;
IVY J. TAUB; MONICA DARROW;
AND JAMIE EPSTEIN,
     Defendants.

## FIRST AMENDED VERIFIED COMPLAINT
### JURY TRIAL DEMANDED

I am Marc Beaumont, one of the people of Florida, and in this court of record, hereby sues

Defendant's, THE BANK OF NEW YORK MELLON, Law Offices ROBERTSON, ANSHUTZ

& SCHNEID, P.L., JONATHON MEISELS, individually, MELISSA KONICK, individually,

KRISTIN GOTTFRIED, individually, MARK HOLMBERG, Individually, IVY J. TAUB,

Individually, MONICA DARROW, Individually, and JAMIE EPSTEIN, Individually for

violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, and the Florida

Consumer Collection Practices Act (FCCPA), FLA. STAT. § 559 (Part VI), and alleges:

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against Defendants

for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559 (Part

VI); the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; as well as

violations of Plaintiff's rights and for declaratory and injunctive relief.

2.     Upon information and belief, Plaintiff contends that many of these practices are widespread by Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3.     Plaintiff contends that the DefendantS have violated such laws by knowingly, willfully and repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt and knowingly  making false assertions and filing false and fraudulent documents into the public record as to ownership in relation to the alleged debt.

4.     All violations occurred in the process of collecting an alleged but non-existent debt.

## JURISDICTION AND VENUE

5.     This is an action for damages that exceed $ 5.000.00.

6.     This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331. Supplemental jurisdiction over FCCPA claims is conferred by 28 U.S.C. § 1367. Venue for purposes of this action is conferred by 28 U.S.C. § 1391.

7.     At all material times herein, the conduct of Defendant, complained of below, occurred in Volusia County, Florida.

## PARTIES

8.     Plaintiff, Marc Beaumont (plaintiff) is a natural person domiciled in Volusia County, Florida.

9.     Upon information and belief, Law offices of Robertson, Anschutz & Schneid, P.L. (RASFLAW) is a P.L. authorized to do business in the State of Florida with Law office located at 6409 Congress Ave., Suite 100, Boca Raton, FL 33487.

10.     Upon information and belief, Defendant Jonathon Meisels (Meisels) is a natural person residing in the State of Florida employed by RASFLAW.

11.     Upon information and belief, Defendant Melissa Konick (Konick) is a natural person residing in the State of Florida employed by RASFLAW.

12.     Upon information and belief, Defendant Kristen Gottfried (Gottfried) is a natural person residing in the State of Florida employed by RASFLAW.

13.     Upon information and belief, Defendant Mark Holmberg (Holmberg) is a natural person residing in the State of Florida employed by RASFLAW.

14.     Upon information and belief, Defendant Ivy J. Taub (Taub) is a natural person residing in the State of Florida employed by RASFLAW.

15.     Upon information and belief, Defendant Monica Darrow (Darrow) is a natural person residing in the State of Florida employed by RASFLAW.

16.     Upon information and belief, Defendant Jamie Epstein (Epstein) is a natural person residing in the State of Florida employed by RASFLAW.

17.     Upon information and belief, Defendant The Bank of New York Mellon (BNYM) is a Delaware Corporation, who does not appear to be authorized or licensed to do business in the State of Florida with an address at 101 Barclay St. New York, NY 10286.

## GENERAL ALLEGATIONS

18.     At all times herein, Defendant RASFLAW, Meisels, Konick, Gottfried, Holmberg, Taub, Darrow, Epstein and BNYM are a "debt collectors" as defined by the FCCPA, Fla. Stat. § 559.55(7) and by the FDCPA, 15 U.S.C. § 1692 a(6).

19.     At all times herein, Defendants are attempting to collect an alleged debt, specifically a rescinded mortgage loan, allegedly owed to Bank of New York Mellon and relying on a false and forged document filed into the lower court.

20.     At all times herein, the alleged debt was a consumer debt, incurred primarily for personal, household or family use.

21.     At all times herein, Defendants were a "person" pursuant to Florida Statute § 559.72.

22.     At all times herein, Defendants conduct with regard to the alleged debt complained of below qualifies as "communication" as defined by the FCCPA , Florida Statute § 559.55 and by the FDCPA, 15 U.S.C. § 1692a(2).

23.     At all times herein, Defendant's acted themselves or through their agents, employees, officers, members, directors, successors, assigns, and principles.

24.     All conditions precedent to the filing of the action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

25.     The instant lawsuit stems from a foreclosure action filed on or about February 27, 2007 by NOVASTAR MORTGAGE INC. (NOVASTAR), case number 2007 30465 CICI in the 7th judicial circuit of Volusia County Florida. Novastar was shut down in late February 2007. The lender named on the note was Novastar Home Mortgage Inc, a separate and distinct entity.

26.     Shortly thereafter, in March and April of 2007 Plaintiff mailed certified letters to the corporate offices of both company's concerning an array of non-disclosures, predatory lending and bait and switch tactics after having the alleged loan audited. These letters went unanswered. On or about May 12, 2007 Plaintiff, by certified mail, sent a final rescission letter because of non-response to the previous letters. The loan was rescinded by written notice well within the three year life of rescission right under TILA provisions for failure to disclose, violating numerous provisions of the Truth in Lending Act (TILA) *15 U.S.C. §1601 et seq.*, Regulation Z,.

(Reg. Z) *12 C.F.R. §226.1 et seq.*, the Real Estate Settlement Procedures Act (RESPA) *12 U.S.C. §2601 et seq.*, Regulation X (Reg. X) *24 C.F.R. §3500.1 et seq.*; *16 C.F.R. §443.1 et seq.*, *15 U.S.C. § 45(a)* and *Florida Statute § 501.204, § 501.201*, namely the Florida Deceptive and Unfair Trade Practices Act.

27.     The rescission was addressed by Novastar's counsel at the time in the 7th circuit of Volusia County, Florida nearly two years after the notice of rescission was mailed, and Novastar addressed Plaintiff's (then Defendant) counter claim, Docket #73, ¶¶ 15, 27, 27(h), 29, 30, 39. but failed to unwind the transaction or bring an action to vacate the rescission, waiving its rights to object to the content of the rescission. The reply stated that Plaintiff had failed to tender first to effectuate the rescission. This is the complete opposite of the meaning of TILA decided unanimously by the United States Supreme Court in *Jesinoski v. Countrywide Home Loans INC., 135 S. CT 790 (2015),* which Plaintiff became aware of in 2016.

"The language of the statute leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely."

"Under the statute, rescission triggers an unwinding process. TILA provides "[w]hen an obligor exercises his right to rescind…, he is not liable for any finance or other charge, and any security interest given by the obligor, including any interest arising by operation of law, becomes void upon such rescission." 15 U.S.C. § 1635(b). Within 20 days after "receipt of notice of rescission," the lender must "return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary … to reflect the termination of any security interest created under the transaction." Id. At that point, the borrower is required to "tender the property to the creditor [.]" Id.

28.     The Note and Mortgage are void by operation of law as of date of mailing or reception of the notice of rescission whether disputed or undisputed.

29.     Novastar failed to bring an action within the allotted twenty days or even a year to vacate or void the rescission under TILA.

30.    The TILA rescission is effective whether disputed or undisputed.

31.    Section 1635 (TILA) is written with the goal of making the rescission process a private one, worked out between creditor and debtor without intervention of the courts.

32.    The Note and Mortgage are void by operation of law, therefore there is no entitlement to enforce an alleged debt on void instruments. **Rescission is a fact, an event, not a claim.**

33.    Party Plaintiff was substituted from Novastar to BNYM on or about July 23, 2010 without assignment.

34.    A Notice of Dispute and demand for validation was filed with the court on or about May 9, 2011. Plaintiff to this date has never received validation of the alleged debt pertaining to the filing of the dispute document yet collection attempts continue.

35.    Rasflaw was substituted as councel on or about October 8, 2013, case was reinstated on or about May 8, 2015.

36.    This foreclosure is ongoing and no final judgment has been rendered.

37.    Plaintiff sent by certified mail a dispute and demand for validation letter to Plaintiffs councel, RASFLAW dated May 1, 2015, and never received validation by RASFLAW. Yet collection activity continued and does until this day.

38.    RASFLAW, entered a motion to file a third amended complaint (with complaint attached) on or about October 7, 2015.

39.    Plaintiff sent by certified mail a dispute and demand for validation letter to Plaintiff BNYM dated October 21, 2015 and never received validation by BNYM. Yet collection activity continued and does until this day.

40.     A hearing was held on this motion on or about January 4, 2016 and the judge agreed

with Plaintiff (defendant in circuit court) that BNYM still had no standing to pursue the action as

decided by the 5th DCA where they reversed final summary judgment, case number 5D10-3471.

The circuit judge at the hearing then allowed BNYM to amend the third amended complaint after

Plaintiff (defendant in circuit court) filed his motion to dismiss outlining all of the defects in

Plaintiffs (circuit court) third amended complaint giving them a road map on what they needed to

create to gain standing after the action was filed.

41.     This amended complaint contained a copy of the original note filed at the initiation

of the action with no endorsement, now with a suddenly appearing poorly fabricated, forged and

possibly fraudulent undated endorsement stamp on this new version of note.

42.     Plaintiff is aware that this endorsement was created between June 2015 and

November 2015, where Plaintiff received an attempted response from the servicer, Ocwen Loan

Servicing, LLC. (OLS) to Plaintiffs debt validation and QWR letters sent in June 2015 and

November 2015. The first response letter from OLS was dated June 26, 2015 and contained a

copy of the note filed at the initiation of the action with no endorsement.

43.     On Plaintiffs second request for debt validation and QWR in November 2015, the

response letter from Ocwen Loan servicing dated November 23, 2015 showed the same note

filed at the initiation of the lower court case with no endorsement with a suddenly appearing

undated endorsement to JPMorgan Chase Bank N.A. which appears to be a poorly fabricated cut

and copy (forged) on the original note filed at the initiation of the case. This leads the Plaintiff to

believe that the endorsed note was created sometime between the months of June and November

of 2015.

44.     RASFLAW then filed in the lower court and sent by U.S Mail to plaintiff a re-amended, third amended complaint communicating in connection with a collection of an alleged debt on or about December 2, 2016 which was basically the same as the one mentioned above except attached were two new exhibits, (a) An un-certified "Certificate of Custodian" making no mention of the current plaintiff in the circuit court action, BNYM. (b) An un-certified "Limited Power of Attorney" from BNYM to Ocwen Loan Servicing, dated June 2, 2016, over nine years after the initiation of the lower court action, and six years after the substitution of party plaintiff BNYM.

45.     This re-amended complaint above claimed that Plaintiff owes to defendant BNYM $141,211.83 on the principal on the alleged Note, plus interest from and after September 1, 2006, title search expenses, any advanced and paid Ad Valorem Taxes, premiums on insurance (forced placed) and any other necessary cost required during the pendency of the action including attorney fees, and  requested entry of a deficiency judgment if proceeds from sale were insufficient, all in an attempt to collect an un-validated alleged non-existent debt. RASFLAW, Meisels and Konick initiated the communication in connection to collect on the alleged debt relying on the suddenly appearing poorly fabricated, forged and possibly fraudulent undated endorsement stamp on this new version of note.

46.     On or about December 28, 2016, Plaintiff received a communication in connection with a collection of an alleged debt by U.S. mail containing a Loan Modification Application from the offices of RASFLAW located at 6409 Congress Ave. Suite 100, Boca Raton, FL 33487.

47.     A hearing was held on the re-amended complaint on or about March 1, 2017, attended by Kristin Gottfried telephonically in communication and continuation of collecting on

an un-validated non-existent alleged debt relying on the suddenly appearing poorly fabricated, forged and possibly fraudulent undated endorsement stamp on this new version of the note.

48.     A communication paper was filed into the court and sent by U.S. Mail to plaintiff on or about May 9, 2017, in continuation of collecting on an un-validated alleged non-existent debt by defendant Holmberg responding to Plaintiffs verified motion to dismiss, the response stated: "Indeed, the complaint alleges ultimate fact of each element of a claim for mortgage foreclosure, including a complete chain of title, and is entitled to enforce, asking for attorney fees and costs" where he knew or should have known that rescission was effective, and if it would have been vacated ten years earlier by filing an action to have it vacated, which was not done, then the poorly fabricated, possibly highly fraudulent, forged endorsement appearing to be cut and copied on the non-endorsed Note filed at the initiation of the action, created between June 2015 and November 2015, undated, as stated above does not give the defendants the right to foreclose. Plaintiff reported this to the circuit court judge as required under 18 U.S.C. Code § 4 "misprision of felony" but it was ignored.

> **"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."**

49.     On or about May 29, 2017 Plaintiff received a communication in connection with a collection of an alleged debt by U.S. mail containing a Loan Modification Application from the offices of RASFLAW located at 6409 Congress Ave. Suite 100, Boca Raton, FL 33487.

50.     Another communication paper was filed into the court and by U.S. mail to plaintiff on or about July 6, 2017 in continuation of collecting on an un-validated alleged non-existent debt by defendant Taub, RASFLAW and BNYM replying to Plaintiffs answer and defenses

indicating that the alleged debt did exist, and was entitled to enforce, relying on the fabricated and possibly fraudulent, forged endorsement (undated) created between June 2015 and November 2015, ignoring rescission and misrepresenting the chain of title of how now Plaintiff in the circuit court BNYM came into possession and had standing foreclose.

51. On July 11, 2017, plaintiff sent RASFLAW a notice of intent to sue by certified mail. There was no response to this letter.

52. Another communication paper was filed into the court and by U.S. Mail to plaintiff on or about July 14, 2017 in continuation of an attempt to collect on an un-validated alleged non-existent debt by defendant Holmberg, RASFLAW and BNYM letting the court know that the case was ready for trial. Trial date was set but stricken at the status conference due to issues of non-readiness of defendant due to the fact that another mortgage company which plaintiff had refinanced with after rescission with Novastar, made an appearance in the court at the status conference and is now involved in the case.

53. Another communication paper was filed into the court and by U.S. Mail to plaintiff on or about July 31, 2017 in continuation of collection on an un-validated alleged non-existent debt by defendant Holmberg, RASFLAW and BNYM by filing a trial witness and exhibit list, listing as exhibits, a) #11. Records as to amounts due and owing, pursuant to the Note and Mortgage, including but not limited to loan payment histories, amortization schedules, taxes and insurance escrow payment histories and all correspondence related thereto. b) # 12. All-time records and billing statements for the fees and cost incurred by plaintiff. c) # 13. All affidavits of time, effort and cost, affidavits as to reasonable attorneys' fees and/or affidavits of indebtedness. d) #15. All loan servicing collection notes.

54.     Another communication paper was filed into the court and by U.S. Mail to plaintiff, "notice of deposition duces tecum" by defendant's Holmberg, RASFLAW and BNYM on or about August 2, 2017 in continuation of collecting on an un-validated alleged non-existent debt.

55.     Another communication paper was served upon Plaintiff and filed into the court on or about August 25, 2017 by defendant RASFLAW and BNYM, a subpoena for taking of deposition duces tecum in continuation of collection on an un-validated alleged non-existent debt.

56.     Another communication paper was filed into the court and by U.S. Mail to plaintiff by defendants Holmberg, RASFLAW and BNYM on or about December 7, 2017, "notice for readiness for trial" in continuation of the collection on an un-validated alleged non- existent debt.

57.     Another communication paper was filed into the court and by U.S. Mail to plaintiff on or about January 2, 2018 by defendant Holmberg, RASFLAW and BNYM, an amended witness and exhibit list, listing as exhibits, a) #11. Records as to amounts due and owing, pursuant to the Note and Mortgage, including but not limited to loan payment histories, amortization schedules, taxes and insurance escrow payment histories and all correspondence related thereto. b) # 12. All time records and billing statements for the fees and cost incurred by plaintiff. C) # 13. All affidavits of time, effort and cost, affidavits as to reasonable attorneys' fees and/or affidavits of indebtedness. D) #15. All loan servicing collection notes, in continuation of collecting on an un-validated alleged non-existent debt.

58.     Another communication paper was filed into the court and by U.S. Mail to plaintiff by defendants Holmberg, RASFLAW and BNYM on or about March 6, 2018, "Certification of Settlement Authority" naming Geoffrey Sanders with authority to settle for the mediation

scheduled for March 12, 218 in continuation of collecting on an un-validated alleged non-existent debt.

59.     Another communication paper was filed into the court on or about March 12, 2018, amended "Certification of Settlement Authority" by defendants Holmberg, RASFLAW and BNYM naming Darrow with the authority to settle, representing RASFLAW in continuation of collecting on an un-validated alleged non-existent debt.

60.     Mediation was held on March 12, 2018 at 2:30 pm, defendant Darrow appeared at the mediation in an attempt to reach a settlement or loan modification in continuation of collecting on an un-validated alleged non-existent debt.  No settlement was reached as plaintiff let participants know that plaintiff did not owe defendant BNYM any money and that the new note was forged, fraudulently created and undated.

61.     A hearing was held on or about April 11, 2018, "Docket Sounding for Trial", telephonically attended by defendant Epstein representing RASFLAW and BNYM in communication and continuation of collecting on an un-validated alleged non-existent debt.

62.     Another communication paper was filed into the court and by U.S. Mail to plaintiff on or about April 12, 2018 by defendant Holmberg, RASFLAW and BNYM, another amended witness and exhibit list, listing as exhibits, a) #11. Records as to amounts due and owing, pursuant to the Note and Mortgage, including but not limited to loan payment histories, amortization schedules, taxes and insurance escrow payment histories and all correspondence related thereto. b) # 12. All-time records and billing statements for the fees and cost incurred by plaintiff. C) # 13. All affidavits of time, effort and cost, affidavits as to reasonable attorneys' fees and/or affidavits of indebtedness. D) #15. All loan servicing collection notes, in continuation of collecting on an un-validated alleged non-existent debt.

## COUNT 1
## VIOLATION OF THE FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 *et seq.*

63.     The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

64.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

65.     Defendants BNYM, RASFLAW, Holmberg, are debt collectors within the meaning

of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of their ordinary business

practice and defendants regularly collect debts on behalf of others.

66.     Defendants BNYM, RASFLAW, Holmberg caused a hearing to be held on or about

May 10, 2017 in response to Plaintiffs (defendant in circuit court) Verified Motion to Dismiss,

falsely claiming that the affidavit attached to defendants third re-amended complaint (a) details a

clear chain of all endorsements, transfers, or assignments of the promissory Note that is subject

of the action. (b) sets forth facts showing that Plaintiff (BNYM) is entitled to enforce a lost

instrument pursuant to Fla. 673.3091. (c) included as exhibits to the affidavit such copies of the

Note and other evidence of acquisition, ownership, and possession of the Note in a further

attempt to collect on an alleged debt, relying on the fabricated and possibly fraudulent, forged

endorsement created between June 2015 and November 2015.

67.     Defendant's BNYM, RASFLAW, Holmberg all violated the FDCPA. Defendant's

violations include, but are not limited to the following:

        a. Defendant's violated 15 U.S.C. § 1692e, any other false, deceptive, or misleading

representation or means in connection with the debt collection.

        b. Defendant's violated 15 U.S.C. § 1692e(2) by misrepresenting the character,

amount, or legal status of the alleged debt.

c. Defendant's violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. Defendant's violated 15 U.S.C. § 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt.

e. Defendant's violated 15 U.S.C. § 1692f(6), taken or threatened to unlawfully repossess or disable the consumer's property.

f. Defendant's violated 15 U.S.C. § 1692g(b) in continuation of collection of an alleged un-validated non-existent, collector must cease collection efforts until debt is validated.

**WHEREFORE,** Plaintiff demands judgment against Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to 15 U.S.C. § 1692k.

### COUNT 2
### VIOLATION OF THE FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 *et seq.*

68.    The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

69.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

70.    Defendants BNYM, RASFLAW, and Taub are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of their ordinary business practice and defendants regularly collect debts on behalf of others.

71.    Defendants BNYM, RASFLAW, and Taub filed a communication paper into the circuit court on or about July 6, 2017 in response to Plaintiffs answer and defenses stating that Plaintiffs (circuit court) third re-amended complaint clearly states it is entitled to enforce the Note pursuant to Fla. Stat. 673.3011(3) relying on the false and apparent fraudulent and forged

endorsement (undated) placed on the note between the months of June 2015 and November 2015 as addressed above. Novastar was shut down in early February 2007.

72. Furthermore, defendants continue to misrepresent the chain of title relying on the un-certified Certificate of Custodian document which does not name the circuit court Plaintiff, BNYM.

73. Furthermore, defendants rely on an exhibit in their third re-amended complaint, Power of Attorney dated June 2, 2016 that "evidences the right to enforce the note was transferred to Plaintiff (circuit court) via substitution of trustee under the applicable Pooling and Servicing Agreement" created over nine years after the initiation of the action. Defendant's BNYM, RASFLAW, Taub all violated the FDCPA. Defendant's violations include, but are not limited to the following:

a. Defendant's violated 15 U.S.C. § 1692e, any other false, deceptive, or misleading representation or means in connection with the debt collection.

b. Defendant's violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt.

c. Defendant's violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. Defendant's violated 15 U.S.C. § 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt.

e. Defendant's violated 15 U.S.C. § 1692f(6), taken or threatened to unlawfully repossess or disable the consumer's property.

f. Defendant's violated 15 U.S.C. § 1692g(b) in continuation of collection of an alleged un-validated non-existent debt, collector must cease collection efforts until debt is validated.

**WHEREFORE,** Plaintiff demands judgment against Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to 15 U.S.C. § 1692k.

## COUNT 3
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 *et seq.*

74.     The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

75.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

76.     Defendants BNYM, RASFLAW, and Holmberg are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of their ordinary business practice and defendants regularly collect debts on behalf of others.

77.     Defendants BNYM, RASFLAW, and Holmberg filed a communication paper into the circuit court on or about July 14, 2017, "Notice of issue, readiness for trial" which was denied for the reason that there was another Mortgage company which Plaintiff had refinanced with also coming after Plaintiff.

78.     Defendant's BNYM, RASFLAW, Holmberg all violated the FDCPA. Defendant's violations include, but are not limited to the following:

a. Defendant's violated 15 U.S.C. § 1692e, any other false, deceptive, or misleading representation or means in connection with the debt collection.

b. Defendant's violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt.

c. Defendant's violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. Defendant's violated 15 U.S.C. § 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt.

e. Defendant's violated 15 U.S.C. § 1692f(6), taken or threatened to unlawfully repossess or disable the consumer's property.

f. Defendant's violated 15 U.S.C. § 1692g(b) in continuation of collection of an alleged un-validated non-existent debt, collector must cease collection efforts until debt is validated.

**WHEREFORE,** Plaintiff demands judgment against Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to 15 U.S.C. § 1692k.

**COUNT 4**
**VIOLATATIONS OF THE FAIR DEBT COLLECTION**
**PRACTICE ACT (FDCPA), 15 U.S.C. § 1692 *et seq.***

79.     The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

80.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

81.     Defendants BNYM, RASFLAW, and Holmberg are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of their ordinary business practice and defendants regularly collect debts on behalf of others.

82.     Defendants BNYM, RASFLAW, and Holmberg filed communication papers into the circuit court, "Trial and witness list" on or about July 31, 2017, the witness and exhibit list, lists as exhibits to produce at trial, the fabricated, appearing to be fraudulent, forged Note with the suddenly appearing endorsement along with the suddenly appearing power of attorney and

the Certificate of Custodian in continuance of collecting on an un-verified alleged non-existent debt. And also listing as exhibits, a) #11. Records as to amounts due and owing, pursuant to the Note and Mortgage, including but not limited to loan payment histories, amortization schedules, taxes and insurance escrow payment histories and all correspondence related thereto. b) # 12. All time records and billing statements for the fees and cost incurred by plaintiff. C) # 13. All affidavits of time, effort and cost, affidavits as to reasonable attorneys' fees and/or affidavits of indebtedness. D) #15. All loan servicing collection notes. All while knowing the Note and Mortgage are void by operation of law as of date of mailing or reception of the notice of rescission whether disputed or undisputed.

a. Defendant's violated 15 U.S.C. § 1692e, any other false, deceptive, or misleading representation or means in connection with the debt collection.

b. Defendant's violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt.

c. Defendant's violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. Defendant's violated 15 U.S.C. § 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt.

e. Defendant's violated 15 U.S.C. § 1692f(6), taken or threatened to unlawfully repossess or disable the consumer's property.

f. Defendant's violated 15 U.S.C. § 1692g(b) in continuation of collection of an alleged un-validated non-existent debt, collector must cease collection efforts until debt is validated.

**WHEREFORE,** Plaintiff demands judgment against Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to 15 U.S.C. § 1692k.

## COUNT 5
## VIOLATATIONS OF THE FAIR DEBT COLLECTION
## PRACTICE ACT (FDCPA), 15 U.S.C. § 1692 *et seq.*

83.     The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

84.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

85.     Defendants BNYM, RASFLAW, and Holmberg are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of their ordinary business practice and defendants regularly collect debts on behalf of others.

86.     Defendants BNYM, RASFLAW and Holmberg filed and sent to plaintiff by U.S Mail another communication paper on or about August 2, 2017, "notice of taking deposition" service affidavit was filed on or about August 25, 2017 in continuance of collecting on an un-validated non-existent debt setting deposition for September 15, 2017 at 10:00 am.

        a. Defendant's violated 15 U.S.C. § 1692e, any other false, deceptive, or misleading representation or means in connection with the debt collection.

        b. Defendant's violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt.

        c. Defendant's violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

        d. Defendant's violated 15 U.S.C. § 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt.

e. Defendant's violated 15 U.S.C. § 1692f(6), taken or threatened to unlawfully repossess or disable the consumer's property.

f. Defendant's violated 15 U.S.C. § 1692g(b) in continuation of collection of an alleged un-validated non-existent debt, collector must cease collection efforts until debt is validated.

**WHEREFORE,** Plaintiff demands judgment against Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to 15 U.S.C. § 1692k.

### COUNT 6
### VIOLATATIONS OF THE FAIR DEBT COLLECTION
### PRACTICE ACT (FDCPA), 15 U.S.C. § 1692 *et seq.*

87.     The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

88.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

89.     Defendants BNYM, RASFLAW, and Holmberg are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of their ordinary business practice and defendants regularly collect debts on behalf of others.

90.     Defendants BNYM, RASFLAW, and Holmberg again, filed a communication paper into the circuit court and by U.S. Mail to plaintiff on or about December 7, 2017, "Notice of issue, readiness for trial" listing and relying on the fabricated, appearing to be fraudulent, forged Note with the suddenly appearing endorsement (undated) along with the suddenly appearing power of attorney and the Certificate of Custodian in continuance of collecting on an un-verified alleged non-existent debt.

91.     Defendant's BNYM, RASFLAW, Holmberg all violated the FDCPA. Defendant's violations include, but are not limited to the following:

a. Defendant's violated 15 U.S.C. § 1692e, any other false, deceptive, or misleading representation or means in connection with the debt collection.

b. Defendant's violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt.

c. Defendant's violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. Defendant's violated 15 U.S.C. § 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt.

e. Defendant's violated 15 U.S.C. § 1692f(6), taken or threatened to unlawfully repossess or disable the consumer's property.

f. Defendant's violated 15 U.S.C. § 1692g(b) in continuation of collection of an alleged un-validated non-existent debt, collector must cease collection efforts until debt is validated.

**WHEREFORE,** Plaintiff demands judgment against Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to 15 U.S.C. § 1692k.

**COUNT 7**
**VIOLATATIONS OF THE FAIR DEBT COLLECTION**
**PRACTICE ACT (FDCPA), 15 U.S.C. § 1692 *et seq.***

92.     The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

93.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

94.     Defendants BNYM, RASFLAW, and Holmberg are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of their ordinary business practice and defendants regularly collect debts on behalf of others.

95.     Defendants BNYM, RASFLAW, and Holmberg filed communication papers into the circuit court and by U.S. Mail to plaintiff, another "Trial and witness list" on or about January 2, 2018, the witness and exhibit list, lists as exhibits to produce at trial, the fabricated, appearing to be fraudulent, forged Note with the suddenly appearing endorsement (undated) along with the suddenly appearing power of attorney and the Certificate of Custodian in continuance of collecting on an un-verified alleged non-existent debt. And also listing as exhibits, a) #11. Records as to amounts due and owing, pursuant to the Note and Mortgage, including but not limited to loan payment histories, amortization schedules, taxes and insurance escrow payment histories and all correspondence related thereto. b) # 12. All time records and billing statements for the fees and cost incurred by plaintiff. C) # 13. All affidavits of time, effort and cost, affidavits as to reasonable attorneys' fees and/or affidavits of indebtedness. D) #15. All loan servicing collection notes.

## COUNT 8
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICE ACT (FDCPA), 15 U.S.C. § 1692 *et seq.*

96.     The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

97.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

98.     Defendants BNYM, RASFLAW, and Epstein are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of their ordinary business practice and defendants regularly collect debts on behalf of others.

99.     A "docket sounding hearing" was held on or about April 11, 2018 setting the trial for April 26, 2018. Defendant Epstein representing BNYM and RASFLAW appeared telephonically, relying on the fabricated, appearing to be fraudulent, forged Note with the suddenly appearing endorsement (undated) along with the suddenly appearing power of attorney

and the Certificate of Custodian in continuance of collecting on an un-validated alleged non-existent debt.

> **WHEREFORE,** Plaintiff demands judgment against Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to 15 U.S.C. § 1692k.

## COUNT 9
## VIOLATATIONS OF THE FAIR DEBT COLLECTION
## PRACTICE ACT (FDCPA), 15 U.S.C. § 1692 *et seq.*

100.    The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

101.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

102.    Defendants Darrow, BNYM and RASFLAW are a debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692c(a)(6) as debt collection is part of her ordinary business practice and defendant regularly collect debts on behalf of others.

103.    A Mediation Conference was held on or about March 12, 2018 in an attempt to reach a settlement agreement, appearing in person, defendant Darrow, representing BNYM and RASFLAW relying on the fabricated, appearing to be fraudulent, forged Note with the suddenly appearing endorsement (undated) along with the suddenly appearing power of attorney and the Certificate of Custodian in continuance of collecting on an un-validated alleged non-existent debt. An attempt to collect alleged amounts due or enter into loan modification failed as I told the participants that plaintiff did not owe anything to the BNYM. The mediator suggested that they voluntarily dismiss the case and start over, but they refused.

**WHEREFORE,** Plaintiff demands judgment against Defendant for statutory damages of $1000.00, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to 15 U.S.C. § 1692k.

## COUNT 10
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI).

104.   The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

105.   Plaintiff is a consumer within the meaning of FLA. STAT. §559.55(6).

106.   Defendants BNYM, RASFLAW, Meisels, Konick, Gottfried, Holmberg, Taub, Darrow, and Epstein are debt collectors within the meaning of the FCCPA § 559.55 (7).

107.   Defendants are ignoring the fact that this alleged loan was rescinded in early to mid-February of 2007, and should they had filed an action to vacate the rescission and succeeded defendants are still relying on the fabricated, appearing to be fraudulent, forged Note with the suddenly appearing endorsement (undated) along with the suddenly appearing power of attorney and the Certificate of Custodian in continuance of collecting on an un-validated alleged non-existent debt.

108.   All defendants violated FCCPA § 559.72 (6), Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the proceeding 90 days.

**WHEREFORE,** Plaintiff demands judgment against all Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to Fla. Stat. § 559.77(2)

## COUNT 11
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI).

109.     The Plaintiff re-alleges paragraphs 1 through 62 as fully set forth herein.

110.     Plaintiff is a consumer within the meaning of FLA. STAT. §559.55(6).

111.     Defendants BNYM, RASFLAW, Meisels, Konick, Gottfried, Holmberg, Taub, Darrow, and Epstein are debt collectors within the meaning of the FCCPA § 559.55 (7).

112.     All defendants violated FCCPA § 559.72 (9) by claiming, attempting, or threatening to enforce a debt when such person knew that the debt was not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

113.     The actions of defendants RASFLAW, Meisels, Konick, Gottfried, Holmberg, Taub, Darrow, Epstein and BNYM have directly and proximately resulted in Plaintiffs prior and continued sustaining damages as described by section 559.77, Florida Statutes, including but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for enjoyment of life.

**WHEREFORE,** Plaintiff demands judgment against all Defendants for statutory damages of $1000.00 per defendant, punitive damages, actual damages, attorney fees and costs and any other relief this court deems proper, pursuant to Fla. Stat. § 559.77(2).

114.    Should this court find any deficiencies in Plaintiffs pleading, Plaintiff would ask the court to point out those deficiencies so Plaintiff may correct them.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 27, 2018

Respectfully submitted,

By: _____

Marc Beaumont
1122 Meditation Loop
Port Orange, Florida 32129
386-760-5905
386-846-0249 cell
mbpromo6@hotmail.com

## VERIFICATION BY PLAINTIFF

I Marc Beaumont, presenting the facts stated herein on this 27 day of June _____, 2018 and certify that the facts are true and correct. I stand by the facts and I am willing to testify to the facts herein if necessary and that I present this Affidavit under the penalty of perjury.

Subscribed and sworn to, or affirmed before me on this 27 day of _____ June _____, 2018 by Marc Beaumont who proved to me on the basis of satisfactory evidence to be the man who appeared before me.

State of Florida           )
                           ) ss.
County of Volusia          )

MARYANN MALACARNE
Notary Public - State of Florida
Commission # GG 056656
My Comm. Expires Dec 18, 2020

_____ NOTARY PUBLIC

Maryann Malacarne
Notary printed Name

Seal:

My commission expires: Dec 18, 2020

By: _____
Marc Beaumont